JEFFERSON HACKLEY, Appellant, v. JOHN COOKSEY, Respondent.

*Deed—Consideration—Fraud.* — A bill of sale absolute upon its face, if made for the payment of debts due by the maker, is supported by a good consideration, and the grantee takes the title.

## Appeal from Lafayette Circuit Court.

John L. Wilmot being indebted to Elliott and Higgins, made a bill of sale absolute upon its face, conveying to Cooksey certain hemp and wheat. The bill of sale recited the indebtedness, and in consideration that Cooksey should pay the debts mentioned, conveyed the property without reservation. Cooksey took possession. Hackley (the plaintiff) took an attachment against Wilmot and caused it to be levied upon the property conveyed to Cooksey. Cooksey filed an interpleader claiming title to the property by virtue of the bill of sale.

At the trial, the court, on motion of the interpleader, declared the law to be as follows:

1. That a debtor, even though he may be in embarrassed circumstances, has a right to prefer his creditors and make provision for the payment of any one, or a part of his creditors without providing for the others; and if the court, sitting as a jury, find from the evidence that said John L. Wilmot, defendant in the attachment suit, was justly indebted to said W. K. Higgins and James M. Elliott at the time of

the execution and delivering to said interpleader Cooksey, of the bill of sale given in evidence in the respective sums of money specified in said bill of sale or thereabouts, and that said bill of sale was made in good faith by said Wilmot, and delivered to and accepted by said Cooksey, together with the property therein conveyed (said hemp and wheat) for the *bona fide* purpose of paying said amounts so due and owing by said Wilmot to said Elliott and Higgins, then there was a sufficient consideration for said bill of sale, and said interpleader Cooksey is entitled to the said hemp and wheat, or the proceeds thereof, if sold by the attaching officer under the order of the court.

2. That said interpleader Cooksey stands in the position of a trustee for said Wilmot, Elliott and Higgins, for the benefit of said Elliott and Higgins under said bill of sale, and that it is not necessary that any valuable or money consideration should have passed from said Cooksey to said Wilmot; nor that said Cooksey should have bound himself in writing, or otherwise, to pay the said amounts due from said Wilmot to said Elliott and Higgins, further than is implied by his acceptance of said trust, in order to make such bill of sale good and valid in law for the purposes for which it was given.

3. That if the court finds from the evidence, that said bill of sale for said hemp and wheat was made and delivered in good faith by said Wilmot to said Cooksey, at or about the day of the date thereof; and that said wheat and hemp were also at the same time delivered by said Wilmot to said Cooksey, on the farm of said Wilmot, and that said Cooksey accepted and received said bill of sale and said hemp and wheat under the provisions of and for the purposes expressed in said bill of sale, and had taken charge of and was proceeding *bona fide* to dispose of said hemp and wheat, for the purpose of paying said amounts so due, by said Wilmot to said Elliott and said Higgins, before the levy of the attachment on said hemp and wheat, then there was a sufficient consideration in law for said conveyance and sale to

said Cooksey by said Wilmot, and the court will find for the interpleader.

4. That, if the court finds from the evidence, that said conveyance of said hemp and wheat by said Wilmot to said Cooksey was made to secure the payment of *bona fide* and just debts then owing and due from said Wilmot to said Elliott and Higgins, then such conveyance being for the benefit of said Elliott and Higgins, the law will presume that they accepted the same in the absence of proof to the contrary, and that it was not necessary that said Elliott and Higgins should have been present, and accept or ratify said conveyance for their benefit, at the time of its execution and delivery to said Cooksey.

5. That said Elliott and Higgins, the beneficiaries under said bill of sale, have a right in law to use the name of said Cooksey in all necessary legal proceedings to protect their rights and interests under said bill of sale.

6. That it is in the province of the court to construe and ascertain the meaning and effect of the bill of sale given in evidence, and that the court will look for the intention of the parties as gathered from all the provisions of the bill of sale and give effect to the same accordingly; that the whole writing (bill of sale) must be construed together in ascertaining its meaning and effect. A deed or other conveyance absolute on its face, if shown from the evidence to have been intended merely as a security for a debt or debts, is in fact but a mortgage or deed of trust according to the nature of the proceedings.

Plaintiff then moved the court to declare the law as follows:

1. John Cooksey's claim to the property in controversy is evidenced by the bill of sale read in evidence, which purports to convey said property absolutely from John L. Wilmot to said Cooksey; and said contract of sale being reduced to writing, the nature and terms of the said sale must be determined from the written contract itself.

2. Said bill of sale recites the consideration of said sale to

be the undertaking on the part of Cooksey to pay certain debts specified due from Wilmot; but the mere statement in said bill of sale, signed by Wilmot alone, that such undertaking on Cooksey's part was the consideration of said sale, created no legal liability, which could be enforced against Cooksey, either by Wilmot or the parties whose debts were to be paid; and unless some other consideration is shown for said sale than said pretended assumpsit to pay said debts, said sale and transfer were without valuable consideration; and if without valuable consideration, then said sale as to plaintiff and all existing creditors was void, and the property in controversy subject to the attachment in this cause. ·

3. The property in controversy is claimed by Cooksey as trustee for the use and benefit of Elliott and Higgins. The bill of sale read in evidence is an absolute conveyance from Wilmot to Cooksey, and shows no trust. Said bill of sale shows no right of Cooksey to said property, as trustee for said Elliott and Higgins.

All which instructions the court refused.

*Ewing & Muir*, for appellant.

The bill of sale read in evidence, on its face and by its terms is absolute. There is no reservation to the grantor or vendor. The instrument purports to be complete, passing all the vendor's interest and title at a fixed price, without reversion or return. And the assumpsit by Cooksey of the debt of Wilmot to Elliott and Higgins, makes the transaction a *sale* as absolutely as if he (Cooksey) had paid or agreed to pay to Wilmot a given sum of money directly. The transaction has, therefore, none of the elements or characteristics of a *trust*. (Kesler v. Tutt, 31 Mo. 306–307; and authorities there cited.)

The statement of Wilmot as to the purpose or intent with which he made the bill of sale, was incompetent, as adding to, varying and contradicting it. So also the statement of Cooksey, as to the purpose for which he received the prop-

erty. The instrument is unambiguous in its terms and language; has all the elements of a complete and absolute bill of sale, and the purpose and intent of the parties must be collected from the instrument itself. It must speak for itself, in the language of plaintiff's instruction. (1 Greenl. Ev. §§ 275-6-7; Bruce v. Pullis, 34 Mo. 246; Witnesses, 2 R. C. 1855, p. 1577, § 6; 29 Mo. 310; Tucker v. Seaman's Aid Society, 7 Metcalf, 188; 1 Cox, 425.)

The instrument is absolutely void as being without any consideration, and therefore no title to the property therein described did or could pass to Cooksey, and no beneficial interest did or could pass or vest in Higgins and Elliott, or either of them. The title remained in Wilmot, and was subject to the attachment of Hackley. If the writing was without consideration and void, it could of course have no effect or be operative for any purpose whatever.

The first instruction given for respondent is wrong, because it regards the instrument as creating a trust for the benefit of Elliott and Higgins, and because it is not warranted by the evidence, the proof showing the total absence or want of a consideration; and it is inconsistent with itself in treating the writing both as a bill of sale and a conveyance in trust for the benefit of third parties.

The second instruction erroneously declares Cooksey a trustee, and the bill of sale a trust.

The third instruction is manifestly inconsistent with itself and erroneous.

The fourth instruction assumes, against the only competent evidence in the case (the writing), that the pretended bill of sale was a conveyance in trust for the creditors of Wilmot, Elliott and Higgins.

The fifth follows out the theory of the preceding.

Where parol evidence has been held admissible to show that a bill of sale, or deed absolute on its face, was in fact a mortgage, &c., the instrument had some obligatory force, and was operative for one purpose or the other—was not absolutely void. Moreover, the adjudicated cases will all show

such evidence, when admissible at all, was allowed only in cases between parties to the instrument and privies—and not to affect the rights of strangers—and that it has been admitted to prevent fraud, oppression, &c., or to correct mistakes. It is confidently asserted that the admission of such evidence in a case and on a state of facts like the one at bar is without precedent; certainly it is unsustained by the authorities cited by respondent's counsel.

If it is possible to conceive a trust having been created by the transaction, then the intended beneficiaries not being advised of it, and the conveyance not having been communicated to them (if at all) not till after the levy of the attachment, the property was liable to the attachment. (Briggs v. Black, 18 Mo. 690; Wallmyer v. Coutts, 3 Meriv. 707, t. p.; Acton v. Woodgate, 2 Myl. & Keene, 495.)

If there ever was any trust, there was a disclaimer of it by Cooksey; so far as he had acted in relation to the property at all, it was for his own benefit. The conduct of a party may amount to a disclaimer, as well as an express renunciation. (Hill on Trustees, t. p. 331.) If there was a disclaimer, of course no title vested in Cooksey. (Id. p. 334.)

*Ryland & Son*, for respondent.

I. The evidence the plaintiff objected to was competent, and was properly admitted by the court below. The plaintiff had attacked the bill of sale for fraud. The interpleader had a right to have all the circumstances connected with the sale brought out in evidence.

II. The declarations of law asked for by plaintiff were properly refused by the court below. They were all founded upon the supposition that the evidence which plaintiff objected to was improper and illegally admitted; and these declarations of law were designed to raise again the question of the competency of that evidence.

III. Our statute having abolished the courts of equity, and conferred all their jurisdiction on the courts of law, whatever objection might heretofore exist to such evidence as was

of fraud and admitted in the case in trials at law, there can be none now.

In support of these propositions, and to show the correctness of the rulings of the court below, we cite the following authorities:

Brant v. Robertson, 16 Mo. 129 ; Desloge et al. v. Ranger, 7 Mo. 327; Wilson v. Drumrite et al., 21 Mo. 325 ; Homes v. Fish, 9 Mo. 201; Johnson v. Huston, 17 Mo. 58 ; Strong v. Stewart, 4 Johns. Chan. 167 ; James v. Johnson, 6 id. 422 ; Clark v. Henry, 2 Cow. 324; Chaplin v. Butler, 18 Johns. 169 ; Roach v. Cosine, 9 Wend. 227 ; Walton v. Crowley's Adm'r., 14 Wend. 63; Fish v. Hubbard, 31 Wend. 652; Swart v. Service, 21 id. 36 ; Dodge v. Potter, 18 Barb. 193; Bishop v. Bishop, 13 Ala. 475 ; Rhodes v. Farmer, 17 How. U. S. 464; Hayworth v. Worthington, 5 Blackf. 361; Casper v. Burris, 10 Smed. & M. 527 ; Dabney et al. v. Green, 4 Hen. & Mur. 101; Taylor et ux. v. Luther, 2 Sum. 228 ; Commercial Bank v. Chapin, 3 Rawles, 335 ; Hurd's Lessee v. Longworth, 11 Wheat. 199 ; Harvey v. Alexander, 1 Rand. 219–233 ; Johns v. Church, 12 Pick. 557 ; Ferguson v. Stephen, 3 Gill. 547 ; 2 Atkyns 99, 258 ; 3 id. 388 ; Cow. & Hill's Notes, 1452–3.

As to consideration, see Gates v. Labaume, 19 Mo. 17. Pettis v. Sims, 34 Mo. 246, differs from the case now before the court.

BATES, Judge, delivered the opinion of the court.

The only question of practical importance in this case, is as to the validity of the deed to Cooksey. It is upon its face absolute ; but the plaintiff insists that it was not an absolute deed, and that it was without consideration. Cooksey then shows that the real consideration was the debt of Wilmot to Elliott and Higgins, and the trust to apply the property to the payment of these debts. In either case there was a sufficient consideration to vest the title in Cooksey, and the inquiry whether he takes the title absolutely or as

a trustee is profitless. If parol evidence was inadmissible to show a different consideration from that expressed in the deed, it remains an absolute deed. If parol evidence be admitted to show that there was a different consideration from that expressed in the deed, then it is also admissible to show what was the real consideration.

Judgment affirmed. Judges Bay and Dryden concur in affirming the judgment.